Argued and submitted July 15, 1993, affirmed March 2, 1994

In the Matter of the Compensation of
Daniel R. Jordison, Claimant.

Dean T. CATES,
dba Cates Construction,
*Petitioner,*

*v.*

Daniel R. JORDISON
and SAIF Corporation,
*Respondents.*

(91-12440; CA A77614)

869 P2d 889

Richard Wm. Davis argued the cause for petitioner. With him on the brief was Davis & Bostwick.

Karen Stolzberg argued the cause for respondent Daniel R. Jordison. With her on the brief was Goldberg & Mechanic.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondent SAIF Corporation. With him

on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs* and De Muniz, Judges.

RIGGS, J.

---

## RIGGS, J.

Employer seeks review of an order of the Workers' Compensation Board that dismissed his request for a hearing on SAIF's acceptance of claimant's injury claim. He assigns error to the conclusion that issue preclusion bars him from litigating the issue of compensability. We review for errors of law, ORS 656.298 and ORS 183.482(8), and affirm.

Claimant suffered an on-the-job injury in 1988. The Department of Insurance and Finance (DIF) issued a proposed order of noncompliance against employer for failing to carry workers' compensation coverage for claimant.[1] Employer requested a hearing and argued that claimant was not a subject worker. After a hearing, the Director of DIF (Director) issued a final order declaring claimant to be a subject worker and employer a noncomplying employer.

SAIF accepted the claim under ORS 656.054(1),[2] and employer requested a hearing. He argued that the claim was not compensable because claimant was not a subject worker at the time of his injury. The Board held that issue preclusion barred employer from arguing that claimant was not a subject worker and dismissed his request for a hearing, because he raised no other challenge to compensability.

Issue preclusion bars

"future litigation on a subject issue only if the issue was 'actually litigated and determined' in a setting where 'its determination was essential to' the final decision reached." *Drews v. EBI Companies*, 310 Or 134, 139, 795 Or 531 (1990).

---

[1] ORS 656.052 provides, in part:

"(1) No person shall engage as a subject employer unless and until the person has provided coverage * * * for subject workers the person employs.

"(2) Whenever the director has reason to believe that any person has violated subsection (1) of this section, the director shall serve upon the person a proposed order declaring the person to be a noncomplying employer * * *."

[2] ORS 656.054(1) provides, in part:

"A compensable injury to a subject worker while in the employ of a noncomplying employer is compensable to the same extent as if the employer had complied with this chapter. The director shall refer the claim for such an injury to the State Accident Insurance Fund Corporation * * *."

Employer argues that the Director's decision that claimant was a subject worker was not essential to the noncompliance decision because the opinion mentioned other subject workers for whom employer did not carry insurance. Although the opinion mentioned other workers, whether claimant is a subject worker was essential to the final decision. DIF's proposed order of noncompliance listed only claimant as the subject worker for whom employer should have provided coverage. Employer requested a hearing on that proposed order and presented evidence that claimant was not a subject worker. The Director's order provides:

"The key issue in this case is whether [employer] was responsible, on September 9, 1988, for providing Workers' Compensation coverage for claimant. If he was responsible, claimant suffered a compensable injury on that date and [employer] is a noncomplying employer. If [employer] was not responsible, he is not a noncomplying employer and claimant did not suffer a compensable injury."

In its "Ultimate Findings of Fact," the order provides:

"On [the date of the injury] claimant was working as an employee for [employer] and suffered an on-the-job injury."

Regardless of whether the Director could have arrived at the same result by finding other workers subject to coverage, it did arrive at the result by finding claimant to be a subject worker after employer had a full opportunity to litigate that issue. The issue of whether claimant was a subject worker was actually litigated at the compliance hearing and was necessary to the final decision of noncompliance.

Affirmed.